This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                      **No. 33,887**

**GABRIELLE PADILLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1} Defendant appeals from the district court's judgment and sentence, entered after a jury trial, convicting Defendant for shoplifting and conspiracy to commit shoplifting and suspending Defendant's three-year sentence. Unpersuaded that Defendant's docketing statement demonstrated error in the district court, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded that she has demonstrated error. Therefore, we affirm.

{2} On appeal, Defendant challenges the sufficiency of the evidence to support her convictions for shoplifting and conspiracy to commit shoplifting. Our notice detailed our standard of review and the evidence presented by the State; we do not repeat this analysis herein. In response to our notice, Defendant does not contend that our recitation of the evidence the State presented was inaccurate. Rather, Defendant recounts and emphasizes evidence that might cause us to question the State's characterization of events at trial. [MIO 1-5] On appeal, however, this Court does not indulge in the possible truthfulness or persuasiveness of a version of events that contradicts the jury's verdict. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating that we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict"). It is for the fact-finder to resolve

any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

{3}   Defendant argues that the legal deficiency in the State's case is its failure to prove that Defendant had the *mens rea* required for shoplifting—the intent to take merchandise without payment—or the *mens rea* required for conspiracy—an agreement or intent to commit shoplifting. [MIO 7-11] Defendant contends that the State's evidence of Defendant's *mens rea* was Mr. Esquero's and Mr. Quintanilla's hunch that Defendant was acting suspiciously and that a mere hunch does not establish her intent beyond a reasonable doubt. [MIO 8, 11] We disagree that the State presented only a mere, baseless hunch. As we described in more detail in our notice, the State presented circumstantial evidence of a scheme between Defendant and Ms. Aragon to steal the TV. Testimony was presented describing their suspicious behavior indicating an intent to steal the TV. Evidence was also presented that Defendant knew the store and its electronics department because she worked there before the incident. There were two videos introduced into evidence: one showing the women working in concert, Defendant talking to a cashier, while Ms. Aragon pushed the cart with the TV in the direction of the exit in the garden area; and the other video, showing the women pushing the cart toward the exit, and Mr. Esquero confronting them before

they left the store. [RP 157-59; DS unnumbered 2] Also, the State presented evidence of Defendant's inability to pay for the TV. [RP 159; DS unnumbered 2]

{4} "[I]ntent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." *State v. Guerra*, 2012-NMSC-027, ¶ 13, 284 P.3d 1076 (internal quotation marks and citation omitted); *see also State v. Castañeda*, 2001-NMCA-052, ¶ 21, 130 N.M. 679, 30 P.3d 368 ("Since the element of intent involves the state of mind of the defendant it is seldom, if ever, susceptible to direct proof, and may be proved by circumstantial evidence." (internal quotation marks and citation omitted)). Viewing the evidence in the light most favorable to the verdict and indulging in inferences that only support the verdict, we hold that sufficient circumstantial evidence of Defendant's intent was presented to support her convictions.

{5} We, therefore, affirm the district court's judgment and sentence.

{6} **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**